UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LINZIE J. LEDBETTER,

      Plaintiff,

    v.

SHAWN FREEMAN, JIMMY LEADINGHAM,
DARLA HARRIS, CHRISTINA GARRETT,
GENE TURK, and JACKSON COUNTY MASS
TRANSIT DISTRICT,

      Defendants.

Case No. 23-cv-3394-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for relief from judgment filed by plaintiff Linzie J. Ledbetter (Doc. 99). He seeks to reopen the Court's judgment entered on November 17, 2025 (Doc. 98), parts of which were based on the Court's decision to grant summary judgment for defendants Shawn Freeman, Jimmy Leadingham, Darla Harris, Christina Garrett, and Jackson County Mass Transit District ("JCMTD"; collectively, "County Defendants") on certain claims (Doc. 65). The County Defendants have responded to Ledbetter's motion for relief from judgment (Doc. 111), and Ledbetter has replied to that response (Doc. 114).

The Court also considers Ledbetter's motion for leave to proceed on appeal *in forma pauperis* (Doc. 102) and motion for discovery under Federal Rule of Civil Procedure 34 (Doc. 113), defendant Gene Turk's motion for relief from judgment (Doc. 112), and the County Defendants' bill of costs (Doc. 70).

## I.    Reconsideration Standards

As a preliminary matter, Ledbetter filed his Rule 60(b) motion on November 24, 2025,

seven days after entry of judgment.  The motion effectively suspends the effectiveness of Ledbetter's later notice of appeal filed December 16, 2025 (Doc. 101) such that the Court has jurisdiction to consider his motion despite the appeal.  Ordinarily, a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000).  However, where a party files a timely notice of appeal *and* a Rule 60(b) motion within 28 days of judgment, the notice becomes effective only after the order disposing of the Rule 60(b) motion.  Fed. R. App. P. 4(a)(4)(B)(i).  "A notice filed before the filing of [a Rule 60(b) motion within 28 days after entry of judgment] . . . is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."  Fed. R. App. P. 4 advisory committee's note to 1993 amendment; *see* Fed. R. App. P. 4(a)(4)(A)(vi).  As a consequence, the Court has jurisdiction to decide this motion despite Ledbetter's timely notice of appeal, and there is no need for the Court of Appeals to remand the case.  The Court will therefore deny Ledbetter's motion for this Court to ask the Court of Appeals to remand the case (Doc. 109).

The Court considers this motion under Rule 60(b) even though it was filed within 28 days of entry of judgment.  *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (approving consideration under Rule 60(b) of motion filed within time for Rule 59(e) motion where basis for relief was only available under Rule 60(b)); *see Borrero v. City of Chi.*, 456 F.3d 698, 701-02 (7th Cir. 2006) (citing *Jennings v. Rivers*, 394 F.3d 850, 855-56 (10th Cir. 2005)).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.  *Kemp v. United States*, 596 U.S. 528, 533 (2022); *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005).  The rule authorizes a Court to grant relief from judgment for

the specific reasons listed in the rule but does not authorize action in response to general pleas

for relief.  *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).  It is not an appropriate

vehicle for rehashing old arguments or for presenting arguments that should have been raised

before the court made its decision.  *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d

746, 749 (7th Cir. 1995); *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000).

Ledbetter asserts newly discovered evidence and fraud, misrepresentation, or misconduct

by the County Defendants, including fraud upon the Court.  These grounds for relief are covered

by Rules 60(b)(2) and (3).  The Court's authority for setting aside a judgment for fraud on the

Court is in Rule 60(d)(3).

Rule 60(b)(2) allows the Court to relieve a party from a final judgment where the movant

presents "newly discovered evidence that, with reasonable diligence, could not have been

discovered in time to move for a new trial under Rule 59(b)"—that is, no later than 28 days after

entry of judgment.  *See* Fed. R. Civ. P. 59(b).  Under Rule 60(b)(2), evidence is "new" only if it

was discovered after entry of final judgment.  *See Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir.

2002).  In addition, the movant must show that the evidence was material, that the movant

exercised due diligence in seeking it out in a timely manner, and that the Court would probably

arrive at a different result.  *Fields v. City of Chi.*, 981 F.3d 534, 554 (7th Cir. 2020).

Rule 60(b)(3) allows the Court to set aside a judgment on the basis of "fraud. . .,

misrepresentation, or misconduct by an opposing party."  A movant seeking relief under this rule

must prove by clear and convincing evidence that he had a meritorious claim and that, because of

the opposing parties' wrongful conduct, he was prevented from fully and fairly presenting his

case.  *Id.* at 558.  Because the rule is intended to protect the fairness of proceedings, not just to

deter or punish intentional misconduct, it applies also to unintentional misrepresentations.  *Id.*

Now, the Court will recount the history of this case, focusing on the aspects of the case highlighted by Ledbetter's motion.  It notes that his motion only addresses the Court's resolution of his claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

## II.    Procedural History

Ledbetter filed this case in October 2023 asserting a number of federal employment discrimination and other statutory causes of action including violation of the FMLA.  His most fundamental complaint was that JCMTD would not let him drive a municipal bus after he returned from FMLA leave and instead relegated him to being a dispatcher.  The evidence showed that Ledbetter was a driver for JCMTD before he took FMLA leave in January 2021 and that, when he returned from FMLA leave in April 2021, defendant Shawn Freeman, the new director of the agency, placed him in a dispatcher position instead of a driver position  As a dispatcher, he received the same pay and benefits.

Freeman said he made the decision because Ledbetter's back injury prevented him from performing an essential function of the driver position—performing transfers of wheelchair-bound passengers.  Ledbetter did not believe Freeman's explanation because he had, prior to his taking FMLA leave and under a prior director, been allowed to drive with accommodations to excuse him from having to perform wheelchair transfers.  Ledbetter asserted Freeman's decision violated the FMLA because he was not returned to the same position he had had before taking leave and that the decision was in retaliation for taking leave.  In October 2023, Ledbetter sued the County Defendants and Gene Turk, general counsel for JCMTD.  Turk filed his *pro se* answer in December 2023 (Doc. 12).

In late September 2024, Ledbetter filed two motions to compel.  The first asked the Court to compel Turk to respond to his interrogatories without asserting attorney-client privilege (Doc.

36).  He suggested Turk had waived the privilege by JCMTD's acknowledging he knew that it was not returning Ledbetter to work as a driver after his 2021 FMLA leave.

The second asked the Court to compel Turk to respond to a specific interrogatory without asserting attorney-client privilege:

> **87)  INTERROGATORY QUESTION:**  The Director Shawn Freeman, told Plaintiff that even if the Director and Operation Manager left JCMTD the Board and their attorney would not let the Plaintiff drive for JCMTD?

(Doc. 38).

The Court denied both motions without prejudice because they did not indicate Ledbetter had attempted to resolve the matters informally before filing the motions (Doc. 40). Nevertheless, Turk responded to the second motion almost a week later asserting attorney-client privilege in response to the interrogatory.

On another front, the Court granted summary judgment for the County Defendants on all remaining claims against them (Doc. 65).  Specifically with respect to Ledbetter's FMLA claims, the Court found that Ledbetter's suit was untimely because it was filed more than two years after the failure to return Ledbetter to the driver position.  He was not entitled to the extended three-year statute of limitations because there was no evidence from which a reasonable factfinder could find a willful violation.  Additionally, with respect to Ledbetter's retaliation claim, the Court found a reasonable jury could not find causation.  JCMTD decided not to allow him to drive because he could not perform wheelchair transfers, not because he had taken FMLA leave. Disciplinary decisions that occurred in October 2022 and other instances of an unpleasant environment within the two years before Ledbetter filed this case were not sufficiently connected with Ledbetter's use of FMLA leave in early 2021.

The summary judgment decision left Ledbetter's claims against Turk for trial.  The Court

scheduled a status conference to discuss trial dates, but Turk failed to appear (Doc. 67).  In his absence, the Court scheduled a jury trial for September 29, 2025.  In the meantime, one of the County Defendants alerted Turk to the proceedings involving him, and on September 9, 2025, Turk filed a motion to continue the trial (Doc. 73).  Turk claimed he failed to get notice of the scheduling telephone conference because of third-party errors in maintaining the email account to which CM/ECF notices to him were sent.  In a telephone status conference on September 25, 2025, the Court declined Turk's oral motion for leave to file a late dispositive motion and continued the trial to November 17, 2025 (Doc. 80).

On the morning of trial, Ledbetter and Turk negotiated a settlement.  Ledbetter agreed to dismiss his claims against Turk in return for Turk's stipulating to certain facts on the record (Doc. 100).  Ledbetter described those stipulations on the record:

Mr. Turk came to the stipulations as to:

No. 1, as to why Stacy Greer left Jackson County Mass Transit District;

No. 2, as to why Jackson County Mass Transit District lied about why they moved Ledbetter from Driver to Dispatcher; and

We came to a stipulation as to why they moved Ledbetter to the dispatcher position; and,

We have a stipulation as to why Jackson County [Mass Transit District] lied about the residential route transfers that they said the plaintiff could not do. . . .

And then we stipulated as to:

That they lied about not having enough clients for Ledbetter to pick up or transfer,

And then we stipulated to:

They lied about not hiring a dispatcher in March 2021.

Trans. 2:21-3:17 (Doc. 100).[1]  The Court entered final judgment, and a week later Ledbetter

---

[1] Ledbetter paraphrases those stipulations in his motion to reconsider, but the Court sticks to the original words to better preserve their intended meaning.

asked the Court to reconsider its summary judgment decision in light of Turk's stipulations.

## III.    Reconsideration of Summary Judgment

Ledbetter's motion is a litany of allegations that the County Defendants and their counsel lied in their discovery responses and, in so doing, prevented him from presenting his case fully and fairly and perpetrated a fraud on the Court.  He accuses them of fraud, misrepresentation, perjury or suborning perjury, and other misconduct.  Unfortunately for Ledbetter, his accusations and theories do not justify the extraordinary relief available under Rule 60(b).

### A.    Newly Discovered Evidence

Rule 60(b)(2) allows relief based on newly discovered evidence that, with reasonable diligence, could not have been discovered earlier, in time for it to be used.  To the extent Ledbetter relies on Turk's stipulations on the morning of his own trial, Ledbetter could have sought this information from Turk in discovery.  Had he asked and had Turk failed to satisfactorily answer, Ledbetter could have filed a motion to compel.  It is true he filed two motions to compel discovery from Turk, but he failed to complete the necessary preliminary step of attempting informal resolution.

Ledbetter asserts the County Defendants and their counsel failed to provide him with information—specifically, "trip sheets," which the Court presumes are logs of routes driven for JCMTD.  Ledbetter should have sought such items in discovery and filed a motion to compel if he believed the discovery responses were insufficient.  Ledbetter claims he could not have sought these items in discovery because he did not know they existed.  That is not a good excuse. Discovery is designed to assist a party in discovering whether documents exist, as suggested by its name.  Ledbetter could easily have formulated a general request for production of documents to which trip sheets would have been responsive even if he did not know of the existence of the

specific documents.

He also complains of the County Defendants' responses to his discovery requests. As with the trip sheets, he should have filed a motion to compel if he was not happy with the responses. He did not do this.

Ledbetter complains that the County Defendants did not provide him a complete copy of his own deposition, only the pages they used for their summary judgment motion. The entire deposition transcript was always available to Ledbetter for purchase from the court reporter transcribing the deposition, and the County Defendants were under no obligation to provide him an entire copy. It was not "newly discovered evidence" because it was available to Ledbetter shortly after he was deposed.

The foregoing examples do not reflect the kind of diligence required for Rule 60(b)(2) relief.

### B.    Fraud, Misrepresentation, or Misconduct

Rule 60(b)(3) allows relief from judgment based on misconduct of the opposing party. Ledbetter is long on accusations but short on facts. He has the burden of showing by clear and convincing evidence that the opposing side committed misconduct, that his claim was meritorious, and that because of that misconduct, he was prevented from fully and fairly presenting his case. *Fields v. City of Chi.*, 981 F.3d 534, 558 (7th Cir. 2020). Instead, he flings accusations of misconduct with little more than his personal opinions and speculation in support. Such unfounded accusations do not warrant Rule 60(b)(3) relief.

Aside from Turk's questionable personal knowledge about the facts in his stipulations and the lack of authority from his client to make those arguably privileged stipulations, they do not clearly and convincingly show Ledbetter was prevented by the County Defendants or their

counsel from presenting a meritorious claim.

Again, Ledbetter only challenges the Court's rulings on his FMLA claims, including his main claim that he was not returned to his position as a driver in 2021 as he believed was required under the FMLA. That claims was dismissed as untimely under the two-year statute of limitation; no evidence suggested any violation was willful so as to extend the statute of limitations to three years.

None of the stipulations, even if true (to the extent they actually state any facts), separately or in combination, clearly and convincingly show Freeman refused to return Ledbetter to a driver position knowing it would violate the FMLA or in reckless disregard of his FMLA rights. Even if Freeman lied about why he did not make Ledbetter a driver, he placed him in an equivalent position under the FMLA, granted him FMLA leave again in late 2022, and did not treat any similarly situated person who had not exercised FMLA rights any differently. In these circumstances, the presence of some other "real" reason for Freeman's decision does not reasonably lead to the conclusion that the reason was Ledbetter's use of FMLA leave.

Without evidence JCMTD willfully violated the FMLA, Ledbetter is stuck with a two-year statute of limitations, and his claims relating to the events of April 2021 are untimely. Nothing about Turk's stipulations changes that. Thus, even if the County Defendants were dishonest and attempted to commit fraud on the Court by giving false testimony, and even if their attorneys offered the County Defendants' testimony knowing it was false,[2] that misconduct did not prevent Ledbetter from presenting a meritorious FMLA case to the Court. His own

---

[2] The Court is in no way suggesting actual misconduct by the County Defendants' counsel in this case. Even if the County Defendants testified falsely, as the Court assumes for the sake of argument, there is not a smidge of evidence that their counsel knew this and allowed knowingly false testimony to come before the Court.

failure to file his FMLA claim in a timely manner did.

The Court disposed of Ledbetter's other FMLA claims because there was no evidence of a causal connection.  Again, Turk's stipulations do not cure this defect.  Ledbetter has simply failed to establish by clear and convincing evidence that fraud, misrepresentation, or misconduct tainted the outcome of the case or assaulted the integrity of the Court.

For these reasons, relief under Rule 60(b)(2) and (3) is not warranted.

C.      Fraud on the Court

Ledbetter has not presented clear and convincing evidence of fraud on the Court.  It finds Turk's stipulations confusing, likely lacking in personal knowledge, and possibly motivated by his own self-interest rather than the pursuit of truth.  The Court's suspicions are borne out by Turk's current admission that his stipulations were false (Doc. 112).  They do not convince the Court that the County Defendants or their attorneys committed any fraud on the Court.  As far as this Court goes, the Court is convinced its integrity remains intact despite this litigation.

D.      Motion to Produce Under Rule 34

In this motion, Ledbetter asks the Court to order the County Defendants to provide him with all materials generated in connection with their report of Turk to the Illinois Attorney Registration and Disciplinary Commission ("IARDC") (Doc. 113).  Ledbetter believes this information will be helpful to him in this case and cites Rule 34 as authority for his request.

In light of the fact that final judgment has been entered in this case and will not be vacated in this order, Ledbetter's request will be denied as moot.  This case is over except for Ledbetter's appeal.  No further discovery is warranted at this point.  The Court notes that Ledbetter may follow proceedings involving Turk, if there are any, by visiting the IARDC's website, https://www.iardc.org.

10

**IV.     Motion for Relief from Judgment**

Turk filed his own motion for relief from judgment and to reopen this case based on his violation of the Illinois Rules of Professional Conduct in making false stipulations (Doc. 112). Rule 60(b)(3) only applies to misrepresentations by an opposing party, not by the movant. That provision of Rule 60 cannot serve as a basis to reopen this case at Turk's request.

Relief under Rule 60(b)(6) is also not warranted. This provision is open-ended and flexible, allowing the Court wide discretion to relieve a party from judgment. *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). It applies, however, only when the other five more specific reasons do not apply. *Id.* Relief under Rule 60(b)(6) is available only in extraordinary circumstances, including where there is a risk of injustice to the parties or a risk of undermining public confidence in the judicial process. *Buck v. Davis*, 580 U.S. 100, 123 (2017); *Pearson*, 893 F.3d at 984.

There is no risk of injustice by allowing the judgment for Turk to stand. Ledbetter's claims against Turk derive from his claims against the County Defendants, and the Court has rejected those claims. There is no reasonable probability that Ledbetter could prevail against Turk where he failed to prevail against the County Defendants. Thus, there is no risk of injustice, no undermining of public confidence in the judicial process, or any other reason justifying Rule 60(b)(6) relief.

For these reasons, the Court will deny Turk's motion for relief from judgment.

**V.      Bill of Costs**

The County Defendants, as prevailing parties, filed a bill of costs in the amount of $3,228.57 (Docs. 70 & 69). Ledbetter objects to taxation of costs on the grounds that he should not have to pay for the pages of his deposition that were not filed with the County Defendants'

motion for summary judgment (Doc. 74).  Only 81 pages of his 459-page deposition were attached to the summary judgment motion (Doc. 47-2), and Ledbetter objects to having to pay for the other 377 pages.[3]  He also objects to the "Upcharge-Videography," color exhibits, and shipping and handling charges as well as the charges for copying medical records he did not produce to the County Defendants.  He objects to the charges for copying because he was not aware these could be awarded as costs.

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice.  Fed. R. Civ. P. 54(d)(1).  Objections may be filed within 14 days of the Clerk's notice.  Local Rule 54.2(b).  Costs allowed to be taxed are set forth in 28 U.S.C. § 1920.  The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  Ledbetter's objection is timely.  Nevertheless, the Court will award the County Defendants' costs as requested.

Fees for deposition transcripts necessarily obtained for use in the case are awardable costs.  28 U.S.C. § 1920(2).  The transcript of Ledbetter's deposition qualifies because the County Defendants needed it to defend against his accusations in this case on summary judgment and at trial.  There is no requirement that every page of a deposition be used to support a motion or defense so long as the deposition was necessary for the case.  There is further no limitation on a party's use of videography or color exhibits in taking the deposition.  Transmission of the transcript in electronic form is reasonable, but exhibits must be physically shipped.  Separate charges for each are appropriate.  The Court will allow the full cost of Ledbetter's deposition.

---

[3] The difference is actually 378 pages.

Fees for copying material where the copies are necessarily obtained for use in the case are also allowable costs. 28 U.S.C. § 1920(4). This is true even if the losing party is not aware of the possibility that such costs will be awarded. Copies of medical records qualify. The County Defendants used those records in taking Ledbetter's deposition where his physical abilities were a legitimate area of inquiry.

All costs the County Defendants sought appear to be awardable under § 1920 and reasonably necessary for use in defending this case. For these reasons, the Court will direct the Clerk of Court to tax costs in the amount requested, $3,228.57.

## VI. Motion for Leave to Proceed on Appeal *In Forma Pauperis*

Ledbetter seeks leave to proceed on appeal *in forma pauperis* (Doc. 102). A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court is satisfied from Ledbetter's affidavit that he is indigent. The Court further finds that the appeal is taken in good faith. Accordingly, the Court will grant the motion for leave to proceed on appeal *in forma pauperis*.

## VII. Conclusion

For the foregoing reasons, the Court:

- **DENIES** Ledbetter's motion to remand (Doc. 109);

13

- **DENIES** Ledbetter's motion for relief from judgment (Doc. 99);

- **DENIES as moot** Ledbetter's motion to produce under Rule 34 (Doc. 113);

- **DENIES** Turk's motion for relief from judgment (Doc. 112);

- **GRANTS** Ledbetter's motion for leave to proceed on appeal *in forma pauperis* (Doc. 102);

- **DIRECTS** the Clerk of Court to tax costs in the amount of $3,228.57; and

- **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals for use in conjunction with Appeal No. 25-3260.

**IT IS SO ORDERED.**
**DATED:  April 6, 2026**

**J. PHIL GILBERT**
**DISTRICT JUDGE**

14